UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON K. HILLMON,<br><br>          Plaintiff,<br><br>  v.<br><br>EDWARD S. ALAMEIDA, et al.,<br><br>          Defendants. | CV F- 03-6409 REC DLB P<br><br>FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS<br>(DOC 25) |

**BACKGROUND**

Plaintiff is a state prisoner proceeding *pro se* and in *forma pauperis* with a civil rights action pursuant to 42 U.S.C. section 1983. This action involves allegations that the California Department of Corrections' grooming policy violates plaintiff's religious beliefs. Defendants filed a motion to dismiss on June 14, 2004. On October 7, 2004, this Court entered Findings and Recommendations recommending that the motion be granted on the ground that the Ninth Circuit has determined that the California Department of Corrections' grooming standards on hair length serve legitimate penological interests and do not infringe on inmates' First Amendment rights, citing <u>Henderson v. Terhune</u>, 379 F.3d 709 (2004). Plaintiff filed objections to the Findings and Recommendations on December 2, 2004. On December 2, 2004, the District Court vacated the Findings and

1  Recommendations.  The Court noted that plaintiff's amended complaint alleges a violation of the
2  Religious Land Use and Institutional Persons Act of 2000 ("RLUIPA"), which the Ninth Circuit did
3  not address in Henderson.  Accordingly, the Court remanded the motion to dismiss to the Magistrate
4  Judge for further consideration on the merits of the motion under the RLUIPA.  On January 18,
5  2005, the Court ordered defendants' to file supplemental briefing on their motion to dismiss
6  addressing the RLUIPA.  Defendants filed their supplemental motion to dismiss on January 26,
7  2005.  Plaintiff filed an opposition on March 22, 2005 and Defendants filed a reply on March 23,
8  2005.  The Court now enters findings and recommendations on defendants' supplemental motion to
9  dismiss.

## MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

## DISCUSSION

Plaintiff claims that the California Department of Corrections grooming standards found at California Code of Regulation, Title 15, Section 3062 violate his rights under the Eighth and Fourteenth Amendments in that wearing long hair in "unferreted [sic] growth of locks" is part of his unspecified religion.  Plaintiff contends that he may receive disciplinary violations for refusing to cut his hair and may later be denied parole.  Plaintiff also alleges the regulation violates the RLUIPA. Plaintiff seeks injunctive and monetary relief.

1  Defendants claim that to the extent defendants are sued in their official capacities, they are
2  entitled to sovereign immunity. Defendants reassert their motion to dismiss plaintiff's First
3  Amendment claim, arguing that there is a rational relationship between the grooming regulations and
4  a legitimate governmental objective. See Henderson v. Terhune, 379 F.3d 709, 715-16 (9th Cir.
5  2004). Defendants further argue that the RLUIPA is unconstitutional and to the extent it is
6  constitutional, the grooming standards do no substantially burden plaintiff's exercise of his religion,
7  they serve a compelling governmental interest and are the least restrictive means of advancing that
8  interest. Finally, defendants argue they are entitled to qualified immunity.

### A. Defendants Sued in their Official Capacity.

The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991). In addition, where a plaintiff is seeking injunctive relief against a state official in their official capacity, the claim is not barred. See Will v. Michigan Dept. of State Police, 491. U.S. 58, 71 n. 10.

Accordingly, to the extent plaintiff seeks damages against defendants in their official capacities, his claims are dismissed.

///

**B.     Plaintiff's First Amendment Claim.**

The California Code of Regulations provides as follows:

> [a] male inmate's hair shall not be longer than three inches and shall not extend over the eyebrows or below the top of the shirt collar while standing upright. Hair shall be cut around the ears, and sideburns shall be neatly trimmed, and shall not extend below the mid-point of the ear. The width of the sideburns shall not exceed one and one-half inches and shall not include flared ends.

Cal. Code Regs., Title 15, ¶ 3062(e). Plaintiff claims that wearing his hair long is mandated by his religious beliefs. (Compl., p. 3). Plaintiff claims that if he refuses to cut his hair, he will receive disciplinary reports for refusing to cut his hair. (Compl., p. 2).

The Ninth Circuit has determined that the California Department of Corrections' grooming standards on hair length serve legitimate penological interests and do not infringe on inmates' First Amendment rights. Henderson v. Terhune, 379 F.3d 709, 713 (2004). Because the grooming standards have been upheld despite inmates' claims of violation of First Amendment rights, plaintiff fails to state a claim, and the Court recommends dismissal of this claim.

**C.     Plaintiff's RLUIPA Claim.**

The RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. The RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." § 2000cc-2(a).

The Supreme Court recently upheld RLUIPA against a challenge under the Establishment Clause. Cutter v. Wilkinson, 125 S.Ct. 2113 (2005). The Court found that RLUIPA's institutionalized persons provision was compatible with the Court's Establishment Clause jurisprudence and concluded that RLUIPA "alleviates exceptional government created burdens on

private religious exercise." Id. at 2121. The Court characterized RLUIPA "[a]s the latest of long running congressional efforts to accord religious exercise heightened protection from government imposed burdens . . ." Id. At 2117. The Court noted that Congress sought to provide inmates a mechanism to seek redress against the "'frivolous or arbitrary' barriers [that] impeded institutionalized persons' religious exercise," (Id. 2119) by replacing the "legitimate penological interest" standard articulated in Turner v. Safely, 482 U.S. 78, 89 (1987), with the "compelling government interest" and "least restrictive means" tests codified at 42 U.S.C. § 2000cc-1(a). See Cutter, 125 S.Ct at 2119.

Following Cutter v. Wilkinson, the Ninth Circuit recently reversed the Central District Court's denial of a preliminary injunction in a suit challenging the same CDC hair grooming policy at issue in the present case. See Warsoldier v. Woodford, - F.3d - 2005 WL 1792117 (9th Cir. 2005). The Court found that CDC had failed to demonstrate that the disputed grooming policy was the least restrictive means necessary to ensure prison safety and security. Because the plaintiff established a likelihood of success on the merits and the possibility that the grooming policy would cause him to suffer an irreparable injury, the Court reversed the District Court's denial of the preliminary injunction.

Under RLUIPA, plaintiff bears the initial burden of going forward with evidence to demonstrate a prima facie claim that CDC's grooming policy and its punitive sections designed to coerce him to comply with that policy constitutes a substantial burden on the exercise of his religious beliefs. See 42 U.S.C. § 2000cc-2(b). If plaintiff establishes the prima facie existence of such a substantial burden, on which he bears the burden of persuasion, the CDC shall bear the burden of persuasion to prove that any substantial burden on plaintiff's exercise of his religious beliefs is both "in furtherance of a compelling governmental interest" and the "least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); § 2000cc-2(b). By its terms, RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs. 42 U.S.C. § 2000cc-3(g).

///

1.     Substantial Burden

While RLUIPA does not define "substantial burden," the Ninth Circuit has held in the context of a land use suit brought under RLUIPA that "for a land use regulation to impose a substantial burden, it must be 'oppressive' to a 'significantly great' extent. San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004). In Warsoldier v. Woodford, - F.3d. - 2005 WL 1792117 (9th Cir. 2005), the Ninth Circuit held that the same grooming policy was a substantial burden on the plaintiff's religious practices because it "intentionally puts significant pressure on inmates such as Warsoldier to abandon their religious beliefs by cutting their hair . . ." Warsoldier v. Woodford, - F.3d. - 2005 WL 1792117 at *5.

In his complaint, plaintiff states that wearing his hair long is part of his religious belief and therefore the grooming standards violate his rights under RLUIPA. In opposing the motion to dismiss, plaintiff asserts that he has taken a vow of a "Nazarite." Plaintiff contends that the "unfettered growth of Plaintiff's dreadlocks is a fundamental aspect of Plaintiff's sincerely held religious beliefs and absolutely mandated by scripture as a fundamental practice." Plaintiff's Opposition at p. 7:3-6.

Defendants argue that plaintiff has failed to meet his burden of showing that the regulation substantially burdens his religious activity because the regulation has only an incidental effect that makes it more difficult to practice his religion. Defendants argue the impact is "de minimis" at most.

The Court must accept plaintiff's allegations as true in ruling on a motion to dismiss. In doing so the Court finds that plaintiff has sufficiently stated facts, which if proved, would establish that the regulation imposes a substantial burden on the practice of plaintiff's religion.

2.    Compelling Government Interest

Once plaintiff establishes a prima facie claim under RLUIPA that the challenged regulation constitute a substantial burden on the exercise of his religious belief, the burden shifts to defendants to establish that the regulation is in furtherance of a compelling government interest and is the least restrictive means if furthering that compelling governmental interest. See 42 U.S.C. § 2000cc-1(a). Defendants argue that prison officials have an interest in identifying inmates who are outside their

approved area; preventing disturbances or escape; facilitating searches of inmates for concealed contraband, including dangerous materials, by reducing the difficulty and time needed to conduct searches; aiding the promotion of hygienic and healthy living conditions inside the prisons; promoting effective use of safety devices and positive self-image for inmates; and reducing animosity among inmates stemming from displays of individual loyalties or preferences by requiring a more uniform appearance.

As stated by the Court in <u>Warsoldier v. Woodford</u>, prison security is clearly a compelling governmental interest <u>Warsoldier v. Woodford</u>, - F.3d. - 2005 WL 1792117 at *6, *citing* <u>Pell v. Procunier</u>, 417 U.S. 817, 823 (1974). "Rather, the question is whether CDC's grooming policy is the least restrictive alternative available to CDC to reach its compelling interest." <u>Id</u>.

        3.        Least Restrictive Alternative

Assuming defendants have established the grooming policy furthers a compelling government interest, they must still establish that the grooming policy is the least restrictive alternative to achieve that interest. <u>See</u> 42 U.S.C. § 2000cc-1(a). Defendants argue that this Court must find that the grooming policy is the least restrictive alternative to achieve the compelling government interests because the Court must give deference to the experience and expertise of prison administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources. Given the state of the law regarding RLUIPA, the Court declines to find, as a matter of law, that the grooming regulations are the least restrictive alternative to further defendants' compelling government interest.

In summary, plaintiff has stated facts that if proved, establish that the grooming regulation substantially burdens the exercise of his religion. While defendants have a compelling government interest in prison security, it they have is not established as a matter of law that the grooming regulation is the least restrictive alternative to achieve those interests. Plaintiff need not allege facts sufficient to establish a prima facie case. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506 (2002). Plaintiff need only allege facts sufficient to give defendants fair notice of the basis of plaintiff's claims. <u>Id</u>. at 514. defendants' arguments should be advanced in a motion for summary judgment,

1  not a motion to dismiss.  Whether or not the government substantially burdened the practice of
2  plaintiff's religion and whether or not, if a substantial burden is found, there is a compelling interest
3  and the burden imposed is the least restrictive means are issues that are not appropriately resolved at
4  the pleading stage on a motion to dismiss.  Id.  Accordingly, plaintiff's motion to dismiss plaintiff's
5  RLUIPA claim should be denied.

6  **D.     Qualified Immunity**

7  Finally, defendants argue that they are entitled to qualified immunity.

8  Government officials enjoy qualified immunity from civil damages unless their conduct
9  violates "clearly established statutory or constitutional rights of which a reasonable person would
10 have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In ruling upon the issue of qualified
11 immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the
12 injury, the facts alleged show the defendants' conduct violated a constitutional right.  Saucier v.
13 Katz, 533 U.S. 194, 201 (2001).  If, and only if, a violation can be made out, the next step is to ask
14 whether the right was clearly established.  Id.  In resolving these issues, the court must view the
15 evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of
16 plaintiff.  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

17 Turning first to plaintiff's free exercise claim, as discussed above, the Court has found that
18 the grooming policy does not violate plaintiff's First Amendment rights and therefore qualified
19 immunity is not applicable.

20 With respect to plaintiff's RLUIPA claim, as discussed, plaintiff's allegations are sufficient
21 to state a claim for violation of RLUIPA.

22 RLUIPA was enacted in 2000 and has not yet generated much caselaw.  Given the very
23 recent nature of the limited case law regaridng RLUIPA, the court finds that plaintiff's right under
24 RLUIPA to be exempted from the grooming policy based on his religious beliefs is not sufficiently
25 clear that a reasonable official would understand that what he was doing violated that right.  Saucier,
26 533 U.S. at 202.  Accordingly, the court recommends that defendants' motion for qualified immunity
27 on plaintiff's damages claims under  RLUIPA be GRANTED.

28

## CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that defendants' motion to dismiss be GRANTED IN PART and DENIED in part as follows:

1. Defendants' motion to dismiss plaintiff's claims for damages against defendants in their official capacities be GRANTED;
2. Defendants' motion to dismiss plaintiff's First Amendment claim be GRANTED;
3. Defendants motion to dismiss plaintiff's claim under the RLUIPA be DENIED;
4. Defendants be granted qualified immunity as to plaintiffs claims for damages against defendants under RLUIPA; and
5. This case proceed on plaintiff's claim for injunctive relief under RLUIPA.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

**Dated:   August 22, 2005**          **/s/ Dennis L. Beck**
3b142a                         UNITED STATES MAGISTRATE JUDGE