UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON K. HILLMON,<br><br>           Plaintiff,<br><br>     v.<br><br>EDWARDS S. ALAMEIDA, et.al.,<br><br>           Defendants. | CV F- 03-6409 REC DLB P<br><br>ORDER RE PLAINTIFF'S MOTION<br>FOR PRELIMINARY INJUNCTION<br>[Doc. No. 3] |

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  This action involves allegations that the California Department of Corrections' grooming policy violates plaintiff's religious beliefs. On November 13, 2003, plaintiff filed a first amended complaint and a motion for preliminary injunction.  In his motion for preliminary injunctive relief, plaintiff seeks exemption from the grooming regulations.

       On October 7, 2004, the Magistrate Judge recommended that plaintiff's motion for preliminary injunction be denied on the ground that the Ninth Circuit has determined that the

1  California Department of Corrections' grooming standards on hair length serve legitimate
2  penological interests and do not infringe on inmates' First Amendment rights, citing Henderson v.
3  Terhune, 379 F.3d 709, 713 (2004).

4      On October 23, 2004, plaintiff filed timely objections to the recommendation.

5      The recommendation is NOT ADOPTED.  The Amended Complaint and the motion for
6  preliminary injunction allege a violation of the Religious Land Use and Institutionalized Persons Act
7  of 2000 ("RLUIPA").  The Ninth Circuit expressed no opinion whether the CDC's hair length
8  regulations violate RLUIPA.  379 F.3d at 715 n.1.  The Supreme Court recently upheld RLUIPA
9  against a challenge under the Establishment Clause.  Cutter v. Wilkinson, 125 S.Ct. 2113 (2005).
10 Following Cutter v. Wilkinson, the Ninth Circuit reversed the Central District Court's denial of a
11 preliminary injunction in a suit challenging the same CDC hair grooming policy at issue in the
12 present case.  See Warsoldier v. Woodford, - F.3d. - 2005 WL 1792117 (9th Cir. 2005).

13     However, plaintiff filed the present motion for preliminary injunction prior to the named
14 defendants being served with the summons and complaint.  The defendants were therefore not served
15 with the motion for preliminary injunction and have not had an opportunity to respond.

16     Accordingly, the Clerk of the Court is HEREBY ORDERED to serve a copy of the plaintiff's
17 motion for preliminary injunction filed on November 13, 2003 on defendants.  Defendants are
18 granted 30 days from service of the motion in which to file a response to plaintiff's motion for
19 preliminary injunction.  Plaintiff shall file any reply to defendants' response within 15 days of
20 service of the response.  Thereafter, the motion shall be remanded to the Magistrate Judge for further
21 consideration of the merits of the motion under RLUIPA.

22     IT IS SO ORDERED.

23 **Dated: September 28, 2005**              /s/ Robert E. Coyle
   668554                                                     UNITED STATES DISTRICT JUDGE