# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON HILLMON, | CASE NO. 1:03-CV-6409-AWI-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | (Doc. 39) |
| G. MITCHELL, et al., | |
| Defendants. | |
| _____/ | |

A.   Procedural History

Plaintiff Carlton Hillmon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000) ("RLUIPA"). This action is proceeding against defendants Mitchell and Rawers ("defendants") on plaintiff's claim that they violated his rights under RLUIPA by substantially burdening his religious exercise. Plaintiff claims an entitlement, on religious grounds, to wear his hair long. On September 29, 2005, the District Court adopted the undersigned's recommendation that plaintiff's claims under the First Amendment and plaintiff's claim for damages be dismissed. Therefore this action proceeds only plaintiff's claim for injunctive relief under RLUIPA.

On January 27, 2006, defendants moved to dismiss this action on the ground that plaintiff's claims have been made moot based on the amendments to the California Department of Corrections

and Rehabilitation ("CDCR") regulations which now permit the wearing of long hair. Effective January 17, 2006, the Office of Administrative Law filed with the Secretary of State, emergency changes to the grooming standards (Cal.Code Regs tit. 15, §§ 3000-3210) that now permit inmates to wear their hair long and to wear beards as specified.

Plaintiff argues his action is not moot since there are still disputes as to the remedies he requested. Plaintiff argues that he is entitled to expungement of any disciplinary violations; court filing fees; and compensation for lost wages. In their reply, defendants point out that plaintiff did not seek expungement of his disciplinary record in his complaint. The Prayer for Relief states:

> (1) Declare that the acts herein violated plaintiff's Constitutional rights and the established laws of the United States; 2) Enter preliminary and permanent injunctions barring defendants . . . from enforcing the Inmate Grooming Standards by way of punishment or threat thereof on plaintiff [;and] (3) Enter judgment in favor of plaintiff for nominal, compensatory and punitive damages as allowed by law against each defendant.

Because it was unclear whether plaintiff suffered disciplinary action, on March 31, 2006, the Court ordered the parties to submit further briefing on the issue of what, if any disciplinary action plaintiff suffered as a result of the regulation at issue. Defendants filed their supplemental brief on April 10, 2006. Plaintiff failed to file a response as ordered.

B.    Discussion

On September 28, 2005, this Court entered an order dismissing all claims with the exception of plaintiff's RLUIPA claim for injunctive relief barring the CDCR from enforcing grooming regulations. Plaintiff's claims for damages were specifically dismissed. Plaintiff sought an injunction prohibiting defendants from enforcing the grooming standards by punishing or threatening to punish plaintiff is moot in light of the modification which now permits plaintiff to wear his hair long. On April 10, 2006, defendants provided supplemental briefing in which they contend plaintiff did not suffer disciplinary violations. Defendants submit the declaration of A. Pitoniak, Litigation Coordinator at Avenal State Prison who states that inmates have Central Files in which their prison record , including disciplinaries are maintained. Decl. Of A. Pitoniak ¶ 1. Mr. Pitoniak conducted an examination of plaintiff's Central File and found no disciplinaries. Decl. Of A. Pitoniak ¶ 6. The only document found in plaintiff's file was a January 12, 2006 counseling chrono which is not a

1 disciplinary. Decl. Of A. Pitoniak ¶ 7. Notwithstanding the fact that the counseling chrono is not
2 a disciplinary, the counseling chrono has now been permanently removed from plaintiff's Central
3 File. Decl. Of A. Pitoniak ¶ 8. Accordingly, even if plaintiff had sought expungement of his
4 disciplinary record in his complaint, this is also now moot. *See* Porter v. Jones, 319 F.3d 483, 489
5 (9th Cir. 2003) ("A case becomes moot 'when the issues presented are no longer 'live' or the parties
6 lack a legally cognizable interest in the outcome.'") (quoting Clark v. City of Lakewood, 259 F.3d
7 996, 1011 (9th Cir. 2001) (citations omitted)).

C.     Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss, filed January 27, 2006, be GRANTED on the ground that the action is now moot, thereby concluding this action in its entirely.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 9, 2006**              **/s/ Dennis L. Beck**
3b142a                                           UNITED STATES MAGISTRATE JUDGE

3